UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ADAM DEVON CLEMMONS,

        Defendant.
_____/

Case No. 19-20650
Honorable Thomas L. Ludington

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On September 25, 2019, Defendant was indicted by a grand jury on one count of felon in possession of a firearm. ECF No. 1. On November 7, 2019 Defendant pled guilty. He was sentenced to 57 months incarceration on March 13, 2020. ECF No. 42.

On October 26, 2020, Defendant filed a motion for compassionate release. ECF No. 44. The Government filed a response and two notices of supplemental authority. ECF Nos. 45, 46, 47. For the following reasons, Defendant's motion will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with

the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

On July 27, 2020 Defendant sent a request to Warden Lammer asking that he be placed in home confinement. ECF No. 44 at PageID.202. On August 27, 2020 Defendant's request was denied. Id. at PageID.208–09. Therefore, Defendant has exhausted his administrative remedies.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for

- 3 -

compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 2021 WL 50169, at *3. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

Without providing his medical records, Defendant explains that he suffers from "acute asthma" that has resulted in hospitalizations and necessitates the use of a Symbicort inhaler and daily albuterol breathing treatments. ECF No. 44 at PageID.202–04. He also suffers from sleep apnea, high blood pressure, obesity, and diabetes.[2] *Id.* He further explains that he cannot keep six

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.
[2] Defendant includes copies of his prescriptions for hydrochlorothiazide (for high blood pressure), a Symbicort inhaler (for asthma), and an albuterol inhaler (for asthma). ECF No. 44 at PageID.210.

feet distance between inmates in the jail and that they share electronics. *Id.* at PageID.205. Finally, he explains there "has been a very big outbreak of Covid-19 as of lately" including 150 cases in the past month and 60 cases in the past two weeks. *Id.* at PageID.206.

In response, the Government argues that there are only 14 active cases[3] at Terre Haute FCI. ECF No. 45 at PageID.214. While that may have been true at the time of its response, there are currently 28 inmate and 19 staff active cases and 437 inmates and 106 staff who have recovered. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/8ZPX-NR8J] (last visited 1/29/2021). This indicates there has been, and continues to be, community spread in the prison. The Government also confirms Clemmons has asthma, anxiety, high blood pressure, gastro-esophageal reflux disease without esophagitis, as well as hemorrhoids, constipation, and leg pain. ECF No. 45 at PageID.217–18. The Government objects to the assertion that Defendant is obese but agrees that he is overweight. *Id.* The Government also argues that Defendant's medical records do not show a history of diabetes, sleep apnea, or kidney disease. *Id.*

Despite the Government's objection to some of Defendant's medical history claims, it agrees that Defendant has asthma,[4] high blood pressure, and he is overweight, three conditions the CDC has stated "might [result in] an increased risk for severe illness" from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/9H9M-7YL6] (last visited January 29, 2021). There are also 28 inmates currently diagnosed with COVID-19 and 437 who have since recovered, demonstrating that COVID-19 is still present in Terre Haute FCI, despite

---

[3] The Government's Response was docketed on October 30, 2020.
[4] The Court is not aware of the severity of Defendant's asthma. However, he requires the use of an inhaler daily, indicating that he has more than a mild form of asthma.

- 5 -

the BOP's protocols. Therefore, Defendant has sufficiently demonstrated that there are extraordinary and compelling reasons for his release.

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 2020 WL 6817488 at *9. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112 (citations omitted).

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114 (internal quotations and citations omitted).

Mr. Clemmons argues that he "has never had a violent charge in his life." ECF No. 44 at PageID.204–05. He expresses his intention to find a better environment for his family, including the seven kids under his supervision, if released. *Id.* He also explains he would reside with the mother of his children in Saginaw and work for his cousin at Taco Bell. *Id.* at PageID.206.

In response, the Government contends that Defendant would be a danger to the community if released. ECF No. 45 at PageID.229–30. It explains that Defendant was convicted of being a felon in possession of a firearm and that while not charged, he had cocaine on his person at the time. *Id.* at PageID.232–33. He has a lengthy criminal history including weapon and drug charges and violated the terms of probation and parole multiple times. *Id.*

According to the Presentence Investigation Report, Defendant's criminal history includes three counts of carrying concealed weapon, one count of resisting arrest, three counts of felon in possession of a firearm, and one count of possession of cocaine. He was sentenced to 57 months incarceration for the instant offense and has more than half of his sentence remaining. His repeated disregard for the law demonstrated in part by his continued possession of firearms suggest that the remainder of his sentence should be served "to promote respect for the law" and "afford adequate deterrence." *See* 18 U.S.C. §§ 3553(a)(1)(A)–(B).

- 8 -

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 44, is **DENIED**.

Dated: February 1, 2021            s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Adam Devon Clemmons** #57851-039, TERRE HAUTE U.S. PENITENTIARY, Inmate Mail/Parcels, P.O. BOX 33, TERRE HAUTE, IN 47808 by first class U.S. mail on February 1, 2021.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager